(No. 85-CC-2436—

DIPAOLO COMPANY and ROSSETTI CONTRACTING CO., INC., a Joint Venture—No. 7, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 28, 1986.*

FRANCIS M. DONOVAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein; due notice having been given the parties hereto, and the Court being fully advised in the premises;

The Court finds that the instant claim sounds in contract and is brought pursuant to section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(b)). On March 12, 1980, Claimant and Respondent executed the subject contract, No. 34050, for the installation of storm sewers and paving work along Waukegan Road in Deerfield, Illinois. Claimant is alleging that Respondent breached this construction contract.

The contract between Claimant and Respondent included, by reference, the standard specifications for road and bridge construction, adopted October 1, 1979 ("standard specifications"). Article 109.09 of the standard specifications states:

"109.09 Acceptance and Final Payment.

When the State of Illinois is the awarding authority, *unless the Contractor files a claim for adjudication by the Court of Claims within 60 days after acceptance of final payment, the final payment shall constitute a release and waiver* of any and all rights and privileges under the terms of the contract, *and shall relieve the Department from any and all claims or liabilities for anything done or furnished relative to the work or for any act or neglect on the part of the Department relating to or connected with the contract."* (Emphasis added.)

We note that final payment for contract No. 34050 was issued to Claimant on January 5, 1982, accepted by Claimant's bank on January 11, 1982, and paid by the State treasurer on January 12, 1982. The instant claim was filed on March 29, 1985, which is *more than three years* after Claimant accepted final payment for the contract it had entered into with Respondent.

Clearly, then, Claimant failed to file its claim within the time specified in its contract with Respondent. Under these circumstances, we are constrained to hold that Claimant is barred from maintaining the instant cause of action in this Court.

It is therefore ordered that Respondent's motion be, and the same is, hereby granted, and the claim herein is dismissed, with prejudice.